IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.

MENDEECEES HARRIS a/k/a One a/k/a Uno,

                    Defendant.

12-CR-6104FPG



## PLEA AGREEMENT

The defendant, MENDEECEES HARRIS a/k/a One a/k/a Uno, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one-count Superseding Information charging a violation of Title 21, United States Code, Section 846 (conspiracy to distribute, and possess with intent to distribute, one hundred (100) grams or more of heroin and five hundred (500) grams or more of cocaine), for which the mandatory minimum term of imprisonment is five (5) years and the maximum possible sentence is a term of imprisonment of forty (40) years, a fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of at least four (4) years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant will also admit the Forfeiture Allegation of the Superseding Information which alleges that certain assets therein identified are subject to forfeiture to the United States pursuant to the provisions of Title 21, United States Code, Sections 853(a)(1) and 853(p), and Title 28, United States Code, Section 2461(c).

3. The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to the charge in the Superseding Information.

4. The defendant understands that, if it is determined that he has violated any of the terms or conditions of his supervised release, he may be required to serve in prison all or part of the term of supervised release, up to three (3) years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

5. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that, if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: (1) the existence of the conspiracy charged in Count 1 of the Superseding Information; that

2

is, an agreement or understanding between two or more persons to violate those provisions of the law which make it illegal to distribute cocaine or heroin or to possess cocaine or heroin with the intent to distribute it; (2) that the defendant knowingly became a member of the conspiracy; that is, that he knowingly associated himself with and participated in the alleged conspiracy to distribute or possess with the intent to distribute cocaine or heroin; and (3) that a quantity of at least five hundred (500) grams of a mixture or substance containing cocaine or at least one hundred (100) grams of a mixture or substance containing heroin was reasonably foreseeable to the defendant as being within the scope of the conspiracy.

## FACTUAL BASIS

6.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. In furtherance of the conspiracy charged in Count 1 of the Superseding Information, from at least 2006 through 2008, in New York City, the defendant, MENDEECEES HARRIS a/k/a One a/k/a Uno, participated in the distribution of quantities of cocaine and heroin with Ronald Walker a/k/a Kelly a/k/a Kellz, and Tyrus Harris a/k/a Sat, and others, to individuals who were transporting the cocaine and heroin to, and distributing it in, the area of Rochester, New York, in the Western District of New York.

   b. For purposes of this plea agreement only, at least 40 kilograms of cocaine and 1 kilogram of heroin are the amounts involved in the defendant's relevant conduct encompassed in Count 1 of the Superseding Information which could be readily proven by the government against the defendant. The parties agree that, based on the Drug Equivalency Tables of the Sentencing Guidelines, the amount of cocaine and heroin that could be readily proven by the government at trial or at a sentencing hearing against the defendant

is the equivalent of at least 9,000 kilograms, but less than 10,000 kilograms, of marijuana.

### III. SENTENCING GUIDELINES

7. The defendant understands that the Court must consider, but is not bound by, the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(4) apply to the offense of conviction and provide for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that the following specific offense characteristic does not apply:

> The two level increase pursuant to Guidelines § 2D1.1(b)(1) (possession of dangerous weapon).

### U.S.S.G. CHAPTER 3 ADJUSTMENTS

10. The government and the defendant agree that the following adjustment to the base offense level does not apply:

> Any increase or decrease under Guidelines § 3B1 relating to role in the offense.

4

## ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 32.

## ACCEPTANCE OF RESPONSIBILITY

12.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 29.

## CRIMINAL HISTORY CATEGORY

13.     It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that, if the defendant is sentenced for or convicted of any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of 29 and a criminal history category of II, the defendant's sentencing range would be a term of imprisonment of **97** to **121** months, a fine of **$15,000** to **$5,000,000**, a special assessment of **$100**, and a period of supervised release of **four (4)** to **five (5)** years. Notwithstanding this, the defendant understands that, at sentencing, he is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement.

15. Notwithstanding the above calculations, it is the agreement of the parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the Court at the time of sentence impose a term of imprisonment between **97** and **121** months as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

16. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the

application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

17. The defendant understands that, except as set forth in paragraph 15, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw his plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

18. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, which is not time-barred as of the date of this agreement. This waiver shall be effective for a period of six (6) months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

7

## V. GOVERNMENT RIGHTS AND RESERVATIONS

19. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. respond to and take positions on post-sentencing motions or requests for information which relate to post-sentencing treatment of the defendant.

20. At sentencing, the government will move to dismiss the open count of the Superseding Indictment (12-CR-6104) in this action as against the defendant.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VI. APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, **knowingly waives the right to appeal or collaterally attack any component of a sentence** imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 14, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves his right to argue the correctness of his sentence.

23. The defendant understands that, by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future he becomes aware of previously unknown facts or a change in the law which he believes would justify a decrease in his sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 14, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

9

## VII. FORFEITURE PROVISIONS

25. As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 21, United States Code, Section 853. In addition, the defendant agrees that the assets that have been the subject of administrative forfeiture actions were properly forfeited in the administrative forfeiture actions pursuant to Title 21, United States Code, Section 881(a)(6).

## ADMINISTRATIVE FORFEITURE

26. The defendant acknowledges that the Drug Enforcement Administration ("DEA") has completed administrative forfeiture on the asset listed below. The defendant agrees not to contest the administrative forfeiture of the below asset and agrees to waive his right, title and interest to any and all assets that were administratively forfeited. Those assets include:

a) **MOTOR VEHICLE:**

   i) One 2011 Audi R8, bearing VIN #WUASUAFGXBN001737, seized from the premises of 3535 Kings College Place, Bronx, New York, on August 23, 2012, titled and registered in the name of Mendeecees Harris. This vehicle was administratively forfeited by the DEA on January 28, 2013. The defendant further agrees that this vehicle was properly forfeited pursuant to Title 21, United States Code, Section 881(a)(6), as it represents proceeds of the defendant's illegal activities, and waives any other rights the defendant may possess to contest that forfeiture.

## CRIMINAL FORFEITURE

27. The defendant agrees to immediately criminally forfeit all of the defendant's right, title and interest to the assets listed below, which are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and/or Title 21, United States Code, Section 853. Those assets include:

a) **CURRENCY:**

i) The defendant agrees to forfeit any and all income and/or proceeds paid for the benefit of the defendant, regardless of whether such income and/or proceeds are payable to himself or to others, as compensation for his work as a cast member of the VH-1 television show, Love and Hip Hop, New York, as well as for any personal appearances made by defendant, artist promotion, management services and/or rent paid by artists to utilize the defendant's recording studio, during the period that the defendant is on release from custody and pending sentencing in this matter. It is understood that these amounts will be deposited by defendant during the period of his release, as directed, to secure defendant's bond. The defendant also consents and agrees to the forfeiture of these amounts, pursuant to Title 21, United States Code, Section 853(a) and Title 21, United States Code, Section 853(p), once they are no longer required as security for the bond.

ii) The defendant agrees to provide the government with the names and contact information for the individuals that keep and maintain records of the compensation that the defendant receives for his work as a cast member of the VH-1 television show, Love and Hip Hop, New York, as well as for any personal appearances made by defendant, artist

11

promotions, management services and rent paid by artists to utilize the defendant's recording studio, during the period that he is on release from custody. The government will provide correspondence to the relevant individuals directing them to provide the government with a written accounting of the defendant's income during his release from custody and pending his sentencing in this matter, including but not limited to, the compensation generated from the filming of Love and Hip Hop, New York, as well as any personal appearances, artist promotions, management services and rent paid by artists to utilize the defendant's recording studio, on a monthly basis. If the government does not receive said accounting, this plea agreement will be null and void.

        iii)     The defendant agrees that the total sum of all income and/or proceeds paid for the benefit of the defendant during the period that the defendant is on release from custody and pending sentencing in this matter, as described in paragraph 27(a)(i) above, but in no event less than ONE HUNDRED THOUSAND DOLLARS ($100,000) United States currency, shall be forfeited by the defendant pursuant to Title 21, United States Code, Section 853(a) and Title 21, United States Code, Section 853(p), said sum serving as a substitute asset representing monies involved in and proceeds obtained from the illegal activity which the defendant is admitting to in this agreement. To the extent that this amount has not already been deposited by defendant to secure his bond as set forth in the preceding paragraph of this agreement, said sum is due on or before the date set for sentencing and shall be met by payment in the form of a certified check or bank draft made payable to the United States Marshals Service or other form acceptable to the government.

iv) To secure said forfeiture payment, the defendant agrees and understands that if he fails to assign all his right, title and interest to any payments he may receive or may be due from the VH-1 television show, Love and Hip Hop, New York, artist promotions, management services and rent paid by artists to utilize the defendant's recording studio, this plea agreement will be null and void.

28. The defendant agrees that if any of the property described in paragraph 27, above, as a result of any act or omission of the defendant, cannot be located, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property of the defendant pursuant to Title 21, United States Code, Section 853(p).

29. The defendant also agrees that the asset listed in paragraph 27, above, is properly forfeitable to the United States pursuant to Title 18, United States Code, Section 982(a)(1) and/or Title 21, United States Code. The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

30.     After the acceptance of this plea of guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a <u>Preliminary Order of Forfeiture</u> covering the items listed in paragraph 27. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Preliminary Order of Forfeiture</u> and a <u>Final Order of Forfeiture</u> shall issue and become final as to the defendant prior to sentencing and agrees that the forfeiture shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

31.     The defendant further agrees to the entry of orders of forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

32.     The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, MENDEECEES HARRIS a/k/a One a/k/a Uno, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
FRANK H. SHERMAN
Assistant United States Attorney

Dated: April 21, 2015

I have read this agreement, which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, Donald M. Thompson, Esquire. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DONALD M. THOMPSON, Esq.
Attorney for the Defendant
Dated: 4/21, 2015

_____
MENDEECEES HARRIS
Defendant
Dated: 4/21, 2015

15