UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                          Case # 12-CR-6104-FPG

v.

                                                                          DECISION AND ORDER

MENDEECEES HARRIS,

                              Defendant.

## INTRODUCTION

On October 31, 2016, Defendant Mendeecees Harris ("Defendant") filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce the sentence imposed in this case. ECF No. 127. The Government responded in opposition to the motion on December 12, 2016. ECF No. 129. Defendant replied to the Government's response on January 12, 2017. ECF No. 130. For the reasons stated below, Defendant's application for a reduction in sentence is DENIED.

## DISCUSSION

Defendant was sentenced on December 1, 2015 to a term of imprisonment of 97 months. ECF Nos. 113, 114. He had pled guilty to offenses under 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). ECF Nos. 100, 101. Among other provisions of the plea agreement, the parties agreed that any increase or decrease under Sentencing Guideline Section 3B1 did not apply. ECF No. 100, at ¶ 10.

Defendant argues that an amendment to the Sentencing Guidelines, specifically Amendment 794, requires that he be afforded a two to four point minor role reduction. ECF No. 127. Amendment 794 changed Section 3B1.2 of the Sentencing Guidelines by clarifying that the Court was to compare the defendant's acts with the acts of the other participants in the crime to

determine if the defendant played a minor role or mitigating role in the criminal activity. The factors for the Court to consider include; the defendant's understanding of the scope and structure of the criminal activity; the degree to which the defendant participated in the planning or organizing of the criminal activity; the degree to which the defendant exercised decision making authority; the nature and extent of the defendant's participation in the criminal activity and the degree to which the defendant stood to benefit from the criminal activity.

18 U.S.C. § 3582(c)(2) allows the Court to modify a sentence imposed pursuant to the Guidelines in light of subsequent amendments that would have lowered the applicable sentencing range if they been in effect at the time of sentencing.

Amendment 794 became effective in November of 2015, which was before Defendant was sentenced. Defendant is not eligible for a minor role reduction because, pursuant to the plea agreement, Defendant and the Government agreed that an adjustment pursuant to USSG § 3 B1.2 did not apply. ECF No. 100, at ¶ 10. In *United States v. Perez*, 129 F.3d 255, 258-59 (2d Cir. 1997), the Second Circuit ruled that relief is only available where the amendment that is relied upon is listed in Section 1B1.10(c). There is no exception to this provision for clarifying amendments. The Second Circuit has specifically declined to retroactively apply clarifying but non-Section 1B1.10 amendments on motions for modification. Amendment 794 is not listed in Section 1B1.10(d). *See United States v. Baez*, No. 89-CR-133 (MBM), 2002 WL 1163575 (S.D.N.Y. June 3, 2002); *Vasquez v. United States*, No. 89-CR-478 (RPP), 2001 WL 668933, (S.D.N.Y. June 13, 2001).

Additionally, even if the Court was authorized to grant a modification, it would not be appropriate under the facts and circumstances of this case. Defendant was involved in the distribution of a significant amount of cocaine and heroin into the Rochester community. A

confidential source indicated that they received multiple kilograms of cocaine from Defendant in New York City. This individual stated that they received three to five kilograms of cocaine each month from Defendant between 2005 and 2008. A second informant indicted that they received five kilograms of heroin from Defendant. At his plea hearing, Defendant admitted that there were at least 40 kilograms of cocaine and one kilogram of heroin involved in his relevant conduct. The Court considered his role in comparison to others involved in this conspiracy, his background, and his criminal history in deciding to impose a sentence of 97 months of imprisonment. All of the mitigating factors outlined in Defendant's application for a reduction were considered at the time of the original sentence.

## CONCLUSION

For the reasons stated, Defendant's application for a reduction in sentence (ECF No. 127) is DENIED.

IT IS SO ORDERED.

Dated: March 8, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court